UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KHIRY T. AIKEN,

                                Petitioner,

                                                                     Case Nos. 18-CV-6360-FPG

v.                                                                      17-CR-6027-FPG

UNITED STATES OF AMERICA,                               DECISION AND ORDER

                                Respondent.

Petitioner Khiry T. Aiken, acting *pro se*, has filed a habeas corpus petition under 28 U.S.C. § 2255. ECF No. 33. He seeks to vacate his conviction and sentence, arguing that his trial counsel was ineffective for various reasons.[1] The government has filed an answer opposing the petition. ECF No. 46. Because the Court concludes that Petitioner is not entitled to relief, the petition is DENIED.

## BACKGROUND

In October 2016, a criminal complaint was filed against Petitioner, charging him with three bank robberies in violation of 18 U.S.C. § 2113(a). ECF No. 1. The complaint was supported by the affidavit of a special agent with the Federal Bureau of Investigation. The affidavit claims that all three of the bank robberies followed a similar pattern: Petitioner approached the bank teller and provided the teller with a note demanding money; the teller complied with the demand; and Petitioner fled the bank on foot. *Id.* at 3-6.

On March 14, 2017, pursuant to a plea agreement, Petitioner agreed to waive indictment and plead guilty to a three-count Information consisting of the three bank-robbery charges. *See*

---

[1] Petitioner also requests a hearing. Because the petition has no merit, the Court declines to schedule a hearing. *See Cleveland v. United States*, Nos. 12-CR-6109, 16-CV-6795, 2018 WL 1640582, at *3 (W.D.N.Y. Apr. 5, 2018) ("A court may dismiss a Section 2255 motion without a hearing if the motion and the record conclusively show that the movant is not entitled to relief.").

ECF Nos. 21-24. As part of the plea agreement, Petitioner waived his right to appeal or collaterally attack "any component of a sentence imposed . . . which falls within . . . the sentencing range for imprisonment." ECF No. 23 at 12. In the plea agreement and at the plea hearing, Petitioner agreed to a factual basis for the pleas that was consistent with the affidavit of the FBI special agent. *See id.* at 2-3; ECF No. 43 at 7-10, 22-23. This Court accepted Petitioner's plea. *See* ECF No. 43 at 25.

On June 19, 2017, this Court sentenced Petitioner. *See* ECF No. 31. At sentencing, this Court noted specifically that "[t]here were no weapons utilized during the course of these bank robberies" and that Petitioner instead "provided a note to the teller." ECF No. 44 at 7. The Court sentenced Petitioner to a total term of imprisonment of 71 months—a term that was within the guideline range set forth in the plea agreement. *See* ECF No. 23 at 7; ECF No. 32 at 2.

On May 11, 2018, Petitioner filed the present petition. ECF No. 33.

## DISCUSSION

Petitioner makes two arguments in support of his petition. His first argument is grounded in the factual claim that the FBI special agent "lied in his sworn affidavit and complaint that [Petitioner] committed a federal bank robbery with a gun." *Id.* at 17. Petitioner contends that his trial counsel was ineffective because he failed to conduct a reasonable investigation, which would have revealed that Petitioner "used a note stating that he wanted $20,000, [n]ot a gun." *Id.* at 16. Second, Petitioner asserts that trial counsel failed to raise an argument that his convictions do not qualify as "crimes of violence" in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).[2]

---

[2] While Petitioner notes in passing that he did not use force or violence in the bank robberies, the Court does not construe Petitioner's argument to be that his conduct does not come within the ambit of § 2113(a). The statute covers any defendant who "by force and violence, *or by intimidation*," takes money from a bank or credit union. 18 U.S.C. § 2113(a) (emphasis added). Petitioner expressly frames his argument in terms of *Johnson*, not the statutory language of § 2113(a). *See also United States v. Gilmore*, 282 F.3d 398, 402-03 (6th Cir. 2002) (collecting cases for proposition that "[d]emands for money amount to intimidation").

2

Even assuming that Petitioner could otherwise collaterally attack his conviction and sentence despite the waiver in the plea agreement, Petitioner's claims are not meritorious. *See Cleveland*, 2018 WL 1640582, at *4 (discussing plea waivers). "To prevail on an ineffective assistance of counsel claim, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*. The Petitioner must demonstrate that (1) counsel's performance was objectively deficient and that (2) the [Petitioner] was actually prejudiced as a result." *Hussain v. United States*, Nos. 16-CV-6725, 14-CR-6124, 2017 WL 4014503, at *3 (W.D.N.Y. Sept. 12, 2017) (citation omitted).

"To establish the performance prong, the petitioner must show that his counsel's performance was outside the wide range of professionally competent assistance." *Cleveland*, 2018 WL 1640582, at *4 (internal quotation marks omitted). "In the context of a guilty plea, a defendant must demonstrate that counsel's deficient performance undermined the voluntary and intelligent nature of defendant's decision to plead guilty." *Id.* (internal quotation marks and brackets omitted). "With respect to the prejudice prong, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quotation omitted). "With respect to ineffective assistance of counsel claims that relate to a decision to enter into a plea agreement, a petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* (quotation omitted).

Petitioner cannot meet this standard with respect to either of his arguments. As to his claim that his trial counsel failed to conduct a reasonable investigation, the special agent's supporting affidavit does not allege that Petitioner used a firearm to commit any of the charged robberies. *See* ECF No. 1. Rather, the affidavit indicates that Petitioner used notes to obtain money from the

tellers. *Id.* Petitioner agreed to this factual basis at the plea hearing, *see* ECF No. 43 at 7-10, and this Court noted at sentencing that "[t]here were no weapons utilized during the course of these bank robberies." ECF No. 44 at 7. Therefore, because, on its face, the affidavit is not inaccurate in the way claimed by Petitioner, trial counsel did not fail to conduct a reasonable investigation. By the same token, Petitioner cannot establish that he was prejudiced by this allegedly ineffective assistance of counsel.

Similarly, Petitioner fails to articulate how *Johnson* is relevant to his conviction and sentence. The issue of whether a bank robbery constitutes a "crime of violence" was not implicated in Petitioner's sentencing. The bank-robbery statute itself set the maximum fines and term of imprisonment, *see* 18 U.S.C. § 2113(a), and the guidelines calculation was not adjusted on the basis that any of the robberies constituted a crime of violence. *See* ECF No. 44 at 6-7. Thus, trial counsel was not ineffective for failing to litigate the issue, and no identifiable prejudice resulted therefrom.

## CONCLUSION

Petitioner's habeas corpus petition (ECF No. 33) is DENIED. The Clerk of Court is directed to enter judgment in Case No. 18-CV-6360 and close that case.

IT IS SO ORDERED.

Dated: March 13, 2019
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court